```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22193-CIV-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
```

WILTON BROWN,                      :

    Plaintiff,                    :

v.                                 :
                                                   REPORT OF
THOMAS TRUJILLO, ET AL.,           :   MAGISTRATE JUDGE

    Defendants.                   :
_____

This Cause is before the Court upon the joint Motion to Dismiss filed by the defendants Trujillo, Soler, Suarez and Tillman. [DE# 24].

The plaintiff Wilton Brown, currently incarcerated at the Sumter Correctional Institution, filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983[1] for damages and other

---

[1] The plaintiff filed this civil action on a standard form for 42 U.S.C. §1983 complaints. Jurisdiction for this case cannot be based entirely on 42 U.S.C. §1983, as that statute provides a mechanism to raise constitutional claims against _state_, not federal, actors. One of the defendants in this case is a _federal_ actor. The Complaint against the federal actor is a classic civil action brought pursuant to _Bivens v. Six Unknown Federal Narcotics Agents_, 403 U.S. 388 (1971), as the plaintiff raises claims of constitutional violations against the individual federal actor. Accordingly, this civil action will be considered as a hybrid action arising under _Bivens_ and 42 U.S.C. §1983. Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In _Bivens_, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of _Bivens_ was, in
(continued...)

relief.  [DE# 1].  The plaintiff has been granted leave to proceed in forma pauperis.  [DE# 4].

The plaintiff named the following defendants:

1. Detective Thomas Trujillo (Miami Police Department)
2. Detective Roberto Soler (Miami Police Department)
3. Detective Hiram Suarez (Miami Police Department)
4. Detective Wayne Tillman (Miami Police Department)
5. Officer Steven Wathen (Miami Police Department)
6. DEA Agent Andrea Beasley
7. Chief John Timoney (Miami Police Department)

The plaintiff alleges that in March, 2005 several City of Miami police officers and a DEA agent engaged in excessive force upon his arrest in violation of his constitutional rights and in violation of state law.  He alleges that as he was exiting from the shower in the apartment in which he entered to elude the police (he claims he did not know they were police officers) Wathen released his K-9 police dog and Trujillo, Soler, Suarez, Tillman and Beasley yelled at him and allowed the dog to attack him causing severe bite wounds.  The plaintiff further alleges that the officers violated his constitutional rights by engaging in an illegal search and seizure, falsely arresting and imprisoning him, and engaging in malicious prosecution.  The plaintiff claims that the criminal charges were dismissed.  The plaintiff also alleges that Timoney was negligent in failing to investigate the incident and by failing

---

[1](...continued)
essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

to properly train the subordinate officers.  The plaintiff seeks monetary damages and other relief.

The Undersigned issued an Amended Preliminary Report finding that the plaintiff has stated sufficient facts under the Twombly or any "heightened pleading" standard so that the case should proceed against the defendants. [DE# 17].  The Report specifically found that as to the excessive force claims, "although the Complaint alleges a violation of the Eighth Amendment, the Complaint is liberally construed to raise a claim under the Fourth Amendment." While not specifically addressing the fact that the plaintiff cited to the Fourteenth Amendment as well as the Fourth Amendment in setting forth his claims alleging false arrest and imprisonment, unconstitutional search and seizure and malicious prosecution, the Report characterized these claims as "Fourth Amendment Claims." The Report recommended that the case proceed on the Fourth Amendment claims against all defendants except Timoney, and the Honorable Federico Moreno has issued an order adopting this recommendation. [DE# 21].

The defendants move to dismiss any claims arising under the Eighth or substantive due process provision of the Fourteenth Amendment. [DE# 24].  This Court has adopted the recommendation of the Amended Preliminary Report that the Complaint be construed to raise claims only under the Fourth Amendment, so there are no claims pending under the Eighth or Fourteenth Amendments, as characterized by the defendants.

It is therefore recommended that the Motion to Dismiss [DE# 24] be denied as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Wilton Brown, <u>Pro Se</u>
      DC# 141691
      Sumter Correctional Institution
      9544 County Road 476B
      Bushnell, FL 33513-0667

      Christopher Allan Green, Esq.
      Miami City Attorney's Office
      Suite 945
      Miami, FL 33130-1910

      Ronald Jay Cohen, Esq.
      Cohen & Rind, P.A.
      8100 Oak Lane
      Miami Lakes, FL 33016